**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| DOROTHY DOSEY, | ) | No. EDCV 07-890-CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of supplemental security income ("SSI"). The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

### I. BACKGROUND

Plaintiff Dorothy Dosey was born on May 1, 1963, and was 41 years old at the time her application for benefits was filed. [Administrative Record ("AR") 22.] She has a limited high school education, is able to communicate in English, and has no past relevant

work. [Id.]  Plaintiff alleges disability on the basis of depression, an enlarged heart, high blood pressure, and skin illness. [AR 80.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was filed on July 18, 2007.  On November 26, 2007, Defendant filed an answer and Plaintiff's Administrative Record ("AR").  On March 20, 2008, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  On July 14, 2009, this matter was randomly re-assigned to the calendar of the undersigned for all further proceedings.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

On November 23, 2004, Plaintiff applied for SSI under Title XVI of the Social Security Act alleging disability since October 26, 2003. [AR 59.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on September 27, 2006, before Administrative Law Judge ("ALJ") Mason D. Harrell Jr. [AR 333-65.]  Plaintiff appeared with counsel and gave testimony. [AR 336-54.]  The ALJ denied benefits in a decision issued November 6, 2006. [AR 11-23.]  When the Appeals Council denied review on June 18, 2007, the ALJ's decision became the Commissioner's final decision. [AR 4-6.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not

1  supported by substantial evidence in the record, the court may reject
2  the finding and set aside the decision to deny benefits.  See Aukland
3  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
4  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
5  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
6  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
7  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
8  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

9       "Substantial evidence is more than a scintilla, but less than a
10 preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence
11 which a reasonable person might accept as adequate to support a
12 conclusion."  Id.  To determine whether substantial evidence supports
13 a finding, a court must review the administrative record as a whole,
14 "weighing both the evidence that supports and the evidence that
15 detracts from the Commissioner's conclusion."  Id.  "If the evidence
16 can reasonably support either affirming or reversing," the reviewing
17 court "may not substitute its judgment" for that of the Commissioner.
18 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

19                        **V.   DISCUSSION**
20    **A.   THE FIVE-STEP EVALUATION**
21       To be eligible for benefits a claimant must demonstrate a
22 medically determinable impairment which prevents the claimant from
23 engaging in substantial gainful activity and which is expected to
24 result in death or to last for a continuous period of at least twelve
25 months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42
26 U.S.C. § 423(d)(1)(A).
27       Disability claims are evaluated using a five-step test:
28            Step one: Is the claimant engaging in substantial

>gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>    Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>    Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>    Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>    Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 26, 2003, the alleged onset date (step one); that Plaintiff had the "severe" impairments of depression with anxiety, obesity, upper respiratory infections, hypertension, hypothyroidism, nicotine addiction, and abdominal hernia (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 13.]

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently, that out of an 8-hour workday plaintiff remains able to stand, walk and sit for 6 hours each, is limited to working in an environment with no more pollutants than in an air-conditioned environment, and that she is precluded from working in a noisy environment. He found plaintiff is limited, furthermore, to simple, repetitive tasks that are object-oriented and do not require hypervigilance and only impersonal interactions. Finally, the ALJ found plaintiff is precluded from working in a public environment, that she would be distracted for only a few seconds occasionally throughout the workday, and that she can read and/or write very simple English words. [AR 13.] Plaintiff had no past relevant work (step four). [AR 22.]

---

n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1    The vocational expert ("VE") testified that a person with
2 Plaintiff's RFC could perform other work that exists in significant
3 numbers in the national economy, such as bench assembler, toy
4 assembler, and inspector/hand packager (step five). [AR 22.]
5 Accordingly, Plaintiff was found not "disabled" as defined by the
6 Social Security Act. [AR 23.]

**C.   ISSUES IN DISPUTE**

In the joint stipulation, the parties indicate that in dispute is whether the ALJ:

1. Accepted jobs that are inconsistent with the Dictionary of Occupational Titles;
2. Properly considered the treating psychologist's opinion;
3. Posed a complete hypothetical to the VE; and
4. Properly developed the record.

[JS 2-3.]

**D.   ISSUE ONE: DICTIONARY OF OCCUPATIONAL TITLES**

In the first claim for relief, Plaintiff contends the decision is in error because the three jobs proposed by the VE are not appropriate for plaintiff given that the RFC precludes her from working in a "noisy environment." [JS 3-4, 6-7.] No physician has opined that Plaintiff should avoid excessive noise, though Plaintiff complained to a physician that she had problems with noise and she testified that she no longer goes to Wal-Mart because, among other things, the noise "gets" her. [AR 314, 344-45.]

The VE testified that a person with Plaintiff's RFC remains able to perform a range of jobs including bench assembler (DICOT 706.684-042, 1991 WL 679055), toy assembler (DICOT 731.687-034, 1991 WL 679819), and inspector hand packager (DICOT 559.687-074, 1991 WL

683797). [AR 363.]

Plaintiff is correct that the inspector hand packager position, which requires an employee to work in a "loud" noise environment, would exceed her RFC. Compare DICOT 559.687-074, 1991 WL 683797 with AR 13. However, the bench and toy assembler positions both require exposure only to a "moderate" noise level and, consequently, do not exceed Plaintiff's RFC. Compare DICOT 706.684-042, 1991 WL 679055, and DICOT 731.687-034, 1991 WL 679819, with AR 13.

At step five of the sequential evaluation, the burden shifts to the Commissioner to show that plaintiff can perform alternative work that exists in "significant numbers" in the economy. See Burkhart v. Bowen, 857 F.2d 1335, 1340 (9th Cir. 1988) (citing Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986)). The existence of more than 1,000 jobs in the region has been considered to be "significant." See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir.1999)(between 1,000 and 1,500 jobs in the regional economy constitutes a significant number for purposes of the meaning of the Social Security Act); Barker v. Sec'y of Health and Human Servs., 882 F.2d 1474, 1479 (9th Cir.1989) (1,266 jobs in regional economy constitutes significant numbers). Here, the VE testified that 3,000 bench assembler positions exist in the regional economy and 35,000 in the national economy, and that 3,000 toy assembler positions exist in the regional economy and 20,000 in the national economy. [AR 361.]

Accordingly, any error here is harmless, and this claim provides no grounds to reverse the ALJ's decision.

**E. ISSUES TWO AND THREE: PSYCHOLOGIST AND VE HYPOTHETICAL**

In the second and third claims for relief, Plaintiff asserts that the ALJ erred because he did not indicate whether he accepted or

7

rejected mental limitations referred to in the report of one-time treating psychologist Benjamin Barnes, Ph.D., and because he did not include those limitations in the VE hypothetical. [JS 7-11.] The limitations Plaintiff contends should have been included involve Plaintiff's concentration, attention and judgment, and Dr. Barnes' finding that plaintiff has a Global Assessment of Functioning ("GAF") score of 45. The record belies these contentions.

First, to the extent Plaintiff claims the ALJ improperly failed to include limitations Dr. Barnes found in Plaintiff's concentration, attention, and judgment, the ALJ did not reject and, indeed, effectively adopted these limitations within the RFC. The RFC assessment for "simple, routine, entry-level work" with further limitations to object-oriented work that does not require hypervigilance [AR 13], adequately encompasses these types of limitations. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (the ALJ is permitted to paraphrase restrictions related to concentration, persistence and pace so long as the ALJ's assessment is consistent with the restrictions identified in the medical testimony).

To the extent Plaintiff claims the ALJ improperly failed to assess and include in the VE hypothetical Dr. Barnes' assessment of a GAF score of 45 [see AR 327], Plaintiff misapprehends the meaning of the GAF assessment. The GAF scale is a tool for clinician evaluation; it is "a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Diagnostic and Statistical Manual of Mental Disorders p. 20 (4th ed. 1994 (DSM-IV)). The GAF score does not, however, correlate directly with functional impairments. See Morgan v. Comm'r of Soc. Sec. Admin, 169 F.3d 595, 598 n.1 (9th Cir. 1999). Indeed, as the ALJ

specifically noted, though Plaintiff's GAF score suggested some limitations in her functioning, "it does not speak directly to her work capacity over a consecutive 12 months." [AR 18.]

In any event, the ALJ specifically evaluated and declined to accept Dr. Barnes' overall assessment of Plaintiff's mental functioning, including his GAF assessment, on multiple bases that are wholly supported by the medical record. As an example, the ALJ noted that at the time of Dr. Barnes' examination of Plaintiff she was attempting to stop smoking, and "it is reasonable that [she] would have some symptoms of depression and anxiety." [AR 18.] Furthermore, as the ALJ noted, a mental status examination conducted only a few days after Dr. Barnes' evaluation found that plaintiff's perceptual processes, thought processes, and thought content were within normal limits, her insight and judgment were fair, and her memory was within normal limits. [See AR 18, 318.] In February 2006 a progress note indicated Plaintiff's depression was stable. [AR 274.] In June 2006 Plaintiff scored normal on a mini-mental state examination. [AR 316.] Plaintiff's treatment regimen was not aggressive, and consisted primarily of medication maintenance. [AR 314.]

While the opinion of a treating physician is generally given great weight, Lester, 81 F.3d at 830, the ALJ has the ultimate authority to gauge the relative weight of the medical evidence. The ALJ may to decline to give controlling weight to the opinion of a treating physician provided that he or she sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states his interpretation thereof, and makes findings. Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ amply met that standard here. The ALJ summarized Dr. Barnes' findings in detail,

contrasted those findings with those made by other physicians of record, and ultimately concluded that the opinions of the consultative examiner and state agency review psychiatrists were more consistent with the weight of the medical evidence and did not support a finding that Plaintiff was mentally impaired to a greater extent than is delineated in the RFC. [See AR 17-19.]  This is legally sufficient.

In any event, the ALJ found that Plaintiff's mental symptoms may be controlled by medication [AR 21], and substantial evidence of record supports this finding [see, e.g., AR 213, 274, 313, 314]. A mental impairment that may be so controlled may not be considered to be disabling. E.g., Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982).

Accordingly, these claims must be denied.

**F.   ISSUE FOUR: DUTY TO DEVELOP THE RECORD**

In her final claim, Plaintiff asserts that the ALJ should have further developed the record to clarify the September 2006 opinion of treating physician Kari Enge, M.D. that Plaintiff was unable to work "at this time" because Plaintiff was easily overwhelmed, confused and emotional, and that it would jeopardize her mental stability if she were to attempt to work. [AR 331.]

It is a plaintiff, however, who "bears the burden of proving that she is disabled." Meanel v. Apfel, 172 F.3d at 1113. An ALJ is required to recontact a doctor or otherwise undertake to develop the record more fully only if the medical evidence is ambiguous or insufficient for the ALJ to make a disability determination. 20 C.F.R. §§ 404.1512(e), 416.912(e); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). With abundant support in the record and employing proper legal standards, the ALJ here found that Dr. Enge's ultimate

opinion was conclusory, and was unsupported by the record as a whole and by Dr. Enge's own treatment of Plaintiff, not that her opinion was ambiguous or that the record was insufficient to permit him to evaluate her opinion. [AR 19.]  This finding is supported by substantial record evidence. Dr. Enge's opinion did not, for example, refer to specific clinical findings that would support her opinion that Plaintiff was unable to work.  See, e.g., Bunnell v. Sullivan, 947 F.2d 341, 348 (9th Cir. 1991).  Her treatment notes showed that Plaintiff's cognitive functioning was normal, that aggressive treatment was not necessary, and that Dr. Enge's treatment of Plaintiff consisted essentially of medication management. [AR 19, 314.] Accordingly, the ALJ's evaluation of Dr. Enge's records is legally sufficient.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

This claim must be denied.

**V.  ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.
2. This action is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: May 10, 2010

```
               _____/S/_____
                      CARLA M. WOEHRLE
                 United States Magistrate Judge
```